IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRANDON SMITH,

    Plaintiff,
v.                                                  CASE NO. 1:15-cv-141-MW-GRJ

AUTOFLEX LLC, and
GOVINDA ROMERO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a nonprisoner proceeding *pro se,* initiated this case by filing ECF No. 1, a complaint pursuant to the Florida Unfair Trade Practices Act, F.S.A. §§ 501.201 *et seq.* and the Federal Trade Commission Act. Plaintiff has been granted leave to proceed as a pauper by separate order. The Court ordered Plaintiff to file a second amended complaint because the face of the complaint did not reflect a basis for the exercise of federal subject matter jurisdiction. ECF No. 6. The Second Amended Complaint, ECF No. 7, is now before the Court for screening. For the following reasons, the undersigned respectfully recommends that this case be dismissed for lack of subject matter jurisdiction.

## Plaintiff's Allegations

The Complaint stems from a used car purchase and financing contract between Plaintiff and Defendants Auto Flex LLC, a Florida limited liability corporation with its principal place of business in Gainesville, Florida, and Govinda Romero, Auto Flex LLC's owner/general manager. *See* ECF No. 7. Plaintiff alleges that he entered into a purchase and financing contract with Defendants in March 2015. Unbeknownst to Plaintiff, Defendants installed a "starter interrupt device" in the vehicle. The device was

located by a mechanic in July 2015 when Plaintiff's car failed to start.  Plaintiff alleges that the device was installed without his knowledge or consent, in breach of the terms of his contract with Defendants, and in violation of Section 5 of the Federal Trade Commission Act.  The vehicle subsequently was repossessed in September 2015.  For relief, Plaintiff seeks return of his down payment, civil penalties, and damages for "pain and suffering".  ECF No. 7.

## Discussion

Pursuant to 28 U.S.C. § 1915 governing proceedings *in forma pauperis*, the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C § 1915(e).  The Court must liberally construe a *pro se* Plaintiff's allegations.  *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)*)*.

Federal courts are courts of limited jurisdiction that possess only that power authorized by the Constitution and federal statutes.  *See, e.g., Delaware v. Van Arsdall*, 475 U.S. 673, 692 (1986).  A plaintiff invoking the court's jurisdiction must establish the basis for such jurisdiction in the complaint.  *See Taylor v. Appleton*, 30 F.3rd 1365, 1367 (11th Cir. 1994).

Even liberally construed, the allegations of the Complaint are insufficient to

establish a basis for the exercise of federal subject matter jurisdiction. Plaintiff conclusionally alleges that installation of the starter interrupt device violated Section 5 of the Federal Trade Commission Act. That section states that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C.A. § 45(a)(1). Notably, however, the Federal Trade Commission Act does not create a private right of action. *Fulton v. Hecht,* 580 F.2d 1243, 1248 n. 2 (5th Cir.1978) ("There is no private cause of action for violation of the FTC Act."); *Austin v. Am. Gen. Fin., Inc.,* 900 F.Supp. 396, 399 (M.D. Ala.1995) ("The FTCA does not contain a civil enforcement provision . . . In fact, there is no private cause of action under the Federal Trade Commission to enforce a violation of its rules."). Only the Federal Trade Commission may sue under the Federal Trade Commission Act. *Gomez v. Bank of Am. Corp.*, 8:15-cv-324, 2015 WL 667664, at *1 (M.D. Fla. 2015) (citing *Roberts v. Chase Home Fin., LLC,* No. 2:10–cv–2432, 2010 U.S. Dist. LEXIS 144688, at *15 (N.D. Ala. 2010)).

Plaintiff's claims sound in breach of contract, a state cause of action under the facts alleged. Further, as the Court previously noted, there appears to be some authority for the proposition that the installation of such a device without the knowledge or consent of the purchaser may be a violation of Florida consumer protection law. *See State v. Beach Blvd Auto. Inc.*, 139 So. 3d 380, 390 (Fla. 1st DCA 2014) (installation of GPS tracking devices without notification to the purchaser would support an allegation that such a practice was unfair or deceptive under Florida's Deceptive and Unfair Trade

Practices Act).[1]  Plaintiff therefore is free to pursue his claims in state court, but because the Federal Trade Commission Act does not create a private cause of action the Court determines that the Second Amended Complaint does not state a basis for the Court's exercise of federal jurisdiction over Plaintiff's claims.

## Conclusion

For the foregoing reasons, it is respectfully **RECOMMENDED** that this case should be **DISMISSED** for failure to state a claim upon which relief may be granted because there is no basis for the exercise of federal subject jurisdiction over Plaintiff's claims.

**IN CHAMBERS** this 9th day of November 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1]The Second Amended Complaint does not reassert claims pursuant to the Florida Unfair Trade Practices Act, F.S.A. §§ 501.201 *et seq.*